[L. A. No. 2436. Department Two.—April 13, 1910.]

## EDWIN R. FOX, Appellant, v. R. M. CAMPBELL, Respondent.

Disputed Boundary between City Lots—Deeds Referring to Map Giving Exact Location—Support of Finding—Absence of Conflict.—In an action to determine a disputed boundary between city lots, where the deeds of both parties refer to a map determining the exact location of each, and the court found for defendant upon evidence so satisfactory and complete that the shufflings and evasions in plaintiff's testimony cannot be said to raise even a conflict against

it, the judgment and order for defendant appealed from by plaintiff must be affirmed.

Id.—Allowance of Damages for Frivolous Appeal.—The appeal of plaintiff is deemed frivolous, and the sum of one hundred dollars damages therefor is allowed to the respondent against the appellant.

APPEAL from a judgment of the Superior Court of Los Angeles County and form an order denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Lucius M. Fall, and Webster Davis, for Appellant.

H. H. Appell, for Respondent.

HENSHAW, J.—This action was brought to determine conflicting claims to a strip of land ten feet wide and one hundred and sixty-five feet long, alleged by plaintiff to be a portion of his lot ten and by defendant to be a portion of his lot nine in block V of the Mott tract, city of Los Angeles.

Plaintiff and defendant both derive title from a common source and their deeds convey to them their respective lots according to the map of the Mott tract found in book 14, page 7, of the miscellaneous records of the county. This map was introduced in evidence, from which it appears that lot nine is situated at the southwesterly corner of block V and is bounded upon the west by Grasshopper Street, now Figueroa Street, and on the south by First Street; that the lot has a depth of one hundred and sixty-five feet on First Street and a frontage of sixty feet on Grasshopper Street. Adjacent to this lot nine and to the north thereof is lot ten with the same depth and the same frontage upon Grasshopper Street. Admittedly plaintiff owns lot ten. Admittedly defendant owns lot nine. The south line of First Street and the intersecting corner of this south line of First Street with Figueroa Street are established upon the ground and are undisputed. Measuring from this corner northerly along the easterly line of Figueroa Street plaintiff contends that the southerly boundary line of his lot is one hundred and twenty feet from that point, while defendant contends that this boundary line between lots nine and ten is one hundred and twenty-eight feet from the southern corner of First and Grasshopper streets. Herein lies the

sole contention between the parties. The map of the Mott tract, as has been said, is the recorded plat to which the deeds of both of these parties make reference. That map shows First Street to be sixty-eight feet wide running from Grasshopper Street easterly to Hope Street. Morever, by the deeds of the predecessors in interest of both these parties, First Street is described as being sixty-eight feet wide, and the witness Ward, a clerk in the city engineer's office, testifies that the city found that First Street as far as Hope was sixty feet wide and "from Hope Street to Figueroa it was sixty-eight feet wide according to the map recorded in book 14 at page 7 of miscellaneous records, and west of Figueroa it was sixty-eight feet wide." Here is abundant evidence that First Street is sixty-eight feet wide. Moreover, it is evidence of the strongest character against appellant's contention, since it is evidence of the very map by reference to which his deed to lot nine is described. The southerly corner of First and Figueroa Streets being established on the ground and it being further established that First Street is sixty-eight feet wide, it follows of necessity that the southerly line of plaintiff's lot ten begins one hundred and twenty-eight feet from the southerly line of First Street. So the court found and decreed, upon evidence so complete and so satisfactory that the shufflings and evasions found in plaintiff's testimony cannot be said to raise even a conflict against it.

The judgment and order appealed from are therefore affirmed with damages awarded to respondent against appellant in the sum of one hundred dollars for the taking of a frivolous appeal.

Melvin, J., and Lorigan, J., concurred.